## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES T. THOMAS,
    Plaintiff                                         Case No. 1:05-cv-372

vs

REGINALD WILKINSON, et al.,         **ORDER**
    Defendants                                 (Dlott, J.)

On June 21, 2005, the Court denied plaintiff's motion to proceed *in forma pauperis* in this matter pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and ordered plaintiff to pay the $250 filing fee within thirty (30) days. (Doc. 12). Plaintiff was notified that the failure to pay the full filing fee within thirty days would result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

To date, plaintiff has failed to pay the $250.00 filing fee in this matter as ordered by the Court. Accordingly, the Clerk of Court is **DIRECTED** to enter **JUDGMENT** dismissing this case because plaintiff has failed to pay the Court's $250 filing fee. *In re Alea*, 286 F.3d at 382. Plaintiff remains liable for and is hereby assessed the full filing fee of $250.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Cashier of the Southern Ohio Correctional Facility. The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the

amount in the account exceeds $10.00 until the full fee has been paid.[1]  The Clerk of Court is **DIRECTED** to issue a copy of this Order and the attached instructions, which are incorporated herein, to plaintiff and the prison cashier's office.

Plaintiff's pending motions (Docs. 4, 5, 10, 13, 14, 15, 18, 19) are not related to whether plaintiff meets the statutory exception to the three strikes bar, that is, whether he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and are **DENIED** as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore*, 114 F.3d 601.

**IT IS SO ORDERED.**

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[1] The prison cashier's office shall not send payments aggregating more than the amount of the full fee.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

### INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE

The prisoner shown as the plaintiff on the attached order owes the court a fee. Pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the fee is to be paid as follows:

> The prison cashier shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of twenty percent (20%) of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds ten dollars ($10.00) until the full fee of two hundred and fifty dollars ($250.00) has been paid to the Clerk of the Court. Payments should be forwarded to the address below.

If the prisoner has filed more than one case, he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* status or otherwise ordering the collection of the full filing fee.

*The prisoner's name and case number must be noted on each remittance.*

Checks are to be made payable to: **Clerk, U.S. District Court**.

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart United States Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio  45202**